UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                                     Date: May 25, 2016
Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
   Not Present                                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT (Doc. 12)**

     Before the Court is Defendant Institute of Latent Energy's Motion to Dismiss Plaintiffs' Complaint. (Mot., Doc. 12.) Plaintiffs Divine Dharma Meditation International Inc., Beverly Ngoc Hai Nguyen, and Thuan Duc Nguyen opposed, and Defendant replied. (Opp., Doc. 16; Reply, Doc. 17.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for May 27, 2016, at 2:30 p.m., is VACATED. Having read and considered the parties' briefs, the Court GRANTS the Motion to Dismiss.

**I.  BACKGROUND**

     The Complaint alleges the following facts:
     Plaintiff Divine Dharma Meditation International Inc. provides training courses to cultivate and practice meditation according to the teachings of the Founder Grandmaster Dasira Narada of the Divine Dharma. (Compl. ¶ 11, Doc. 1.) Plaintiff Thuan Duc Nguyen has established more than eighty such meditation centers worldwide. (*Id*. ¶ 11.) The Complaint identifies six copyrighted works that include text with artwork, two-dimensional graphic works, a hand-embroidered picture, and paintings of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                                    Date: May 25, 2016

Title:  Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

Grandmaster Dasira Narada.  (*Id*. ¶ 8.)  These copyrights are individually owned by Thuan Duc Nguyen or are jointly owned by Thuan Duc Nguyen and Plaintiff Beverly Ngoc Hai Nguyen.  (*Id*.)  The Complaint attaches copies of the registration certifications for the copyrighted works, (Compl. Exs. 1-6, Doc. 1), and all six copyrights are nonexclusively licensed to Divine Dharma, (Compl. ¶¶ 9, 10).

Defendant Institute of Latent Energy Studies similarly provides training courses to cultivate and practice meditation according to the teachings of Grandmaster Dasira Narada.  (*Id*. ¶ 12.)  Plaintiffs are informed and believe that in providing its training courses, ILES has copied substantial portions or made derivative reproductions of a two-dimensional graphic work, identified in Exhibit 1 to the Complaint, without license or permission.  (*Id*. ¶ 13.)  The Complaint attaches a copy of the U.S. Copyright Office's Public Catalog entry for the allegedly infringing work, "Tien Si Dasira Narada," as Exhibit 7.  (*Id*. ¶ 14; Compl. Ex. 7, Doc. 1.)  The Complaint also alleges that the infringing work incorporates protected elements of Plaintiffs' other copyrighted materials.  (Compl. ¶¶ 17, 24.)  ILES has publicly displayed "Tien Si Dasira Narada" in various YouTube videos and at its place of business, (*id*. ¶ 15), and Divine Dharma's attempts to have these videos taken offline have been prevented by ILES.  (*Id*. ¶ 16.)  Divine Dharma believes that ILES has received a direct financial benefit and has damaged Plaintiffs by marketing and selling the infringing work.  (*Id*. ¶¶ 17, 18.)

On February 9, 2016, Plaintiffs filed a Complaint that alleges the following claims against ILES: (1) copyright infringement, 17 U.S.C. § 101 *et seq*., and (2) unfair business practices, Cal. Bus. & Prof. Code § 17200 *et seq*.  (Compl. ¶¶ 21-36.)  ILES now moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)            Date: May 25, 2016

Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And while judicial review is generally limited to the face of a complaint, courts may properly consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### III. DISCUSSION

#### A. Local Rule 7-9

As a threshold issue, we first address Plaintiffs' untimely opposition. In its reply brief, ILES observes that Plaintiffs filed an untimely opposition to its Motion. (Reply at 5.) Because the hearing on this Motion was set for May 27, 2016, Plaintiffs' opposition was due no later than May 6, 2016. *See* C.D. Cal. R. 7-9. However, Plaintiffs filed their opposition on May 9, 2016. (Opp.) Pursuant to Local Rule 7-12, the Court "*may* decline

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                      Date: May 25, 2016
Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

to consider any . . . document not filed within the deadline set by order or local rule," and "[t]he failure to file any required document . . . within the deadline[] *may* be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12 (emphasis added). ILES argues that due to the untimely filing, this Court should decline to consider Plaintiffs' opposition. (Reply at 5.) We note that despite this untimely filing, ILES had adequate time to prepare and file a reply brief addressing Plaintiffs' arguments. Accordingly, the Court shall consider the opposition brief.

      **B.**     <u>**Copyright Infringement**</u>

The Court first addresses Plaintiffs' sole federal-law claim. The Copyright Act bestows certain exclusive rights on the owner of a copyright, including the rights to reproduce, distribute, and display the work. 17 U.S.C. § 106 (2012). To state a claim for copyright infringement, a plaintiff must plausibly allege two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *L.A. Printex Indus. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012), *as am. on denial of reh'g and reh'g en banc* (June 13, 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362 (1991)).

            **1.**     **Ownership of a Valid Copyright**

ILES argues that Plaintiffs fail to adequately allege ownership of a valid copyright because (1) Plaintiffs failed to register their work within five years after the publication date, (2) ILES' first date of publication is prior to Plaintiffs' registration date, (3) ILES owns a valid copyright registration of the allegedly infringing work, and (4) Grandmaster Dasira Narada is not protectable by copyright. (Mem. at 6-10.) For the following reasons, we find these arguments unavailing.
Plaintiffs allege that they own the copyrights or are nonexclusive licensees of the copyrights, and they attach copies of the certificates of registration. (Compl. ¶¶ 8-10, Exs. 1-6.) Such allegations are sufficient to satisfy the pleading requirement of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                                    Date: May 25, 2016
Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

ownership of a valid copyright. *See Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, No. C 06-7541 PJH, 2007 WL 2288329, at *9 (N.D. Cal. Aug. 9, 2007) (finding that a Plaintiff's allegations that "it owns the copyright for [the product], and has obtained or has applied for copyright registration certificates for the [product]" are sufficient to "satisf[y] the pleading requirements" of copyright infringement). Some of the attached certificates of registration identify a publication date more than five years earlier than the registration date, (*see* Compl. Exs. 2, 5, 6), and others do not identify a publication date, (*id*. Exs. 1, 3, 4).[1] The Copyright Act provides that the "evidentiary weight to be accorded to [a] certificate of a registration made [five years or more after the publication of a work] shall be within the discretion of the court," whereas certificates of registration made before or within five years "shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). However, this provision speaks to the certificate's *evidentiary weight*, which is not considered at the pleading stage. Thus, at this stage in the litigation, Plaintiffs' failure to register certain works within five years after the work's initial publication date does not warrant dismissal of this claim.

ILES also argues that dismissal is proper because the first date of publication of its allegedly infringing work, October 4, 2013,[2] is earlier than the registration dates of Plaintiffs' copyrighted works. (Mem. at 8-9.) Section 412 of the Copyright Act bars an award of statutory damages or of attorneys' fees for (1) "any infringement of copyright in an unpublished work commenced before the effective date of its registration," or (2) "any

---

[1] We observe that the Fan Declaration incorrectly suggests that Exhibit 1 to the Complaint identifies a publication date, (Fan Decl. ¶ 2, Doc. 12-2), and ILES' response to Plaintiffs' evidentiary objections incorrectly asserts that Exhibit 1 identifies a first publication date of 1978, (Def. Evidentiary Response, Doc. 17-1). Rather, the Fan Declaration and ILES's evidentiary response refer to the *year of completion* identified in this document. (Compl. Ex. 1.)

[2] The parties challenge the admissibility of Exhibit B to the Fan Declaration: a copy of ILES' certificate of registration as to the allegedly infringing work. (*See* Pls. Evidentiary Objection ¶ 1b, Doc. 16-1; Def. Evidentiary Response.) ILES does not request judicial notice of this document. However, we need not address or consider Exhibit B because Exhibit 7 to the Complaint identifies a first publication date of October 4, 2013. (Compl. Ex. 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                                        Date: May 25, 2016

Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.[3]  First, section 412 applies only to awards of statutory damages or of attorneys' fees, and Plaintiffs also seek lost profits and injunctive relief.  (*See* Compl. Prayer for Relief ¶¶ 37, 40.)  Second, Plaintiffs allege that ILES infringes on all six of their copyrighted works, (Compl. ¶¶ 17, 24), two of which were registered *before* October 4, 2013, (Compl. Exs. 3-4).  Accordingly, dismissal of the copyright infringement claim is unwarranted on this basis.

      Third, ILES argues that because it owns a valid copyright registration over the allegedly infringing work, Plaintiffs' infringement claim must fail.  (Mem. at 6-7.)  First, we observe that ILES' work was registered *after* all six of Plaintiffs' copyrighted works were registered.  (*Compare* Compl. Exs. 1-6 *with* Ex. 7.)  Thus, Plaintiffs' allegations continue to raise the plausible inference that ILES unlawfully infringed on Plaintiffs' registered and copyrighted materials before it registered its work.  Second, to the extent ILES raises the issue of its own copyright registration to "offer . . . *some evidence or proof* to dispute or deny [Plaintiffs'] prima facie case of infringement," ILES raises a factual issue that is inappropriate to resolve on a motion to dismiss.  *See Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003) (emphasis added) (quoting *Entm't Research Grp. v. Genesis Creative Grp.*, 122 F.3d 1211, 1217 (9th Cir. 1997)).

      Finally, ILES argues that Grandmaster Dasira Narada is not protectable subject matter under copyright law.  (Mem. at 9-10.)  ILES asserts that facts or matters within the public domain, such as meditation and Dasira Narada, are not copyrightable.  (*Id.* at 9.)

---

[3] ILES asserts that the 1976 Copyright Act governs "works published between January 1, 1978 to March 1, 1989." (Mem. at 8.)  However, we observe that Plaintiffs' copyright infringement claim relies on six copyrights, five of which are for works allegedly published *after* March 1989.  (*See* Compl. Exs. 2-6.)  Accordingly, at this stage in the litigation, we need not determine to what extent subsequent amendments to the 1976 Copyright Act apply to any pre-1989 works.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                          Date: May 25, 2016

Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

ILES further asserts that because "the 'image of Grandmaster Dasira Narada' and its 'expression' are inseparable, duplicating the 'expression of Grandmaster Dasira Narada' is not barred under the Copyright Act."[4] (*Id*. at 10.) It is true that the Copyright Act protects only the expression of ideas, not the ideas themselves. *See Aeropostale*, 676 F.3d at 849 (citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)). However, ILES' reliance on this principle is misplaced. Based on the allegations in the Complaint, Plaintiffs do not seek to copyright the idea of meditation or the idea of portraying an image of Dasira Narada. "Rather, they seek to prevent the alleged usurpation of [their] artistic rendition" of Dasira Narada, which constitutes copyrightable subject matter. *See Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc.*, 55 F. Supp. 2d 1113, 1120 (D. Nev. 1999). Accordingly, at this stage in the litigation, dismissal is unwarranted on this basis.

     **2.**     **Copying**

ILES also argues that Plaintiffs fail to adequately allege the second prong of a copyright infringement claim: copying of consistent elements of a work that is original. To adequately plead copying, a plaintiff must allege that (1) the defendant had access to the plaintiff's work, and (2) the two works are substantially similar. *Aeropostale*, 676 F.3d at 846. In determining substantial similarity, the Ninth Circuit requires a two-part

---

[4] ILES provides an exhibit that allegedly provides a "true and correct copy of printout[s] of Dasira Narada images which [are] publicly available" on certain websites. (*See* Fan Decl. ¶ 8, Doc. 12-2; Fan Decl. Ex. C, Doc. 12-3.) Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, it generally cannot consider material outside of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). This exhibit and the images contained therein are not attached to or incorporated by reference in the Complaint, and ILES does not seek judicial notice of this exhibit. Accordingly, the Court declines to consider this exhibit when resolving the Motion to Dismiss and, as such, need not address the parties' arguments concerning this exhibit.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                          Date: May 25, 2016

Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

___

inquiry, namely whether (1) "'an objective comparison of specific expressive elements'" demonstrates "'articulable similarities' between the two works," and (2) "'the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works.'" *Aeropostale*, 676 F.3d at 848 (citations omitted).

       First, to the extent ILES raises its certificate of registration to contest whether Plaintiffs' copyrighted material is sufficiently original, (Mem. at 6), we find this argument unavailing. It is true that "[o]riginality is the indispensable prerequisite for copyrightability." *Lamps Plus*, 345 F.3d at 1146 (quoting *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992)). However, the question of originality in copyright law "'is one of fact, not of law; one that may not be disposed of upon a motion to dismiss, but which must be established by proof.'"[5] *Olson v. Sperry*, No. 2:14-CV-07901-ODW-ASx, 2015 WL 846547, at *2 (C.D. Cal. Feb. 26, 2015) (quoting *Dezendorf v. Twentieth Century-Fox Film Corp.*, 99 F.2d 850, 851 (9th Cir. 1938). Dismissal is therefore unwarranted on this basis.

       Second, we find that Plaintiffs adequately allege access. In the Complaint, Plaintiffs allege that Thuan Duc Nguyen has established more than eighty meditation centers worldwide "in which the copyright works serve as the backbone for the utilized manuals and lectures and in which the image of Desira Narada authored by Thuan Duc Nguyen is usually publicly displayed." (Compl. ¶ 11.) Moreover, "[t]he textual copyright works, available in multiple languages, have been divided into books to provide members with specific knowledge and guidance[.]" (*Id.*) At the pleading stage, these allegations are sufficient to plead that the "[defendant] had an opportunity to view or to copy the [plaintiff's work]." *See Meta-Film Assoc., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1352 (C.D. Cal. 1984).

___

[5] Plaintiffs attached a list of allegedly "twenty-five distinguishing and creative elements" of the copyrighted work identified in Exhibit 2 to the Complaint. (Stroud Decl. ¶ 1, Doc. 16-2; Stroud Decl. Ex. 1, Doc. 16-2.) For the reasons stated above, we need not address or consider this list to resolve ILES' Motion to Dismiss.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                          Date: May 25, 2016
Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

However, we find that Plaintiffs fail to adequately allege substantial similarity. Plaintiffs identify their six copyrighted works, and they provide a broad and generic description of each work. (Compl. ¶ 8.) Plaintiffs also provide certificates of registration for each copyrighted work, (Compl. Exs. 1-6), as well as a copy of a public catalog entry of ILES' allegedly infringing work, (*id*. Ex. 7). Plaintiffs allege that ILES' work infringes on their copyrighted works, (*see id*. ¶¶ 13, 14, 17, 24), but they provide no factual allegations of any articulable similarities between the allegedly infringing work and their own copyrighted material. An element of a claim that is "supported by mere conclusory statements[] do[es] not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Accordingly, the Court GRANTS ILES' Motion to Dismiss as to Plaintiffs' copyright infringement claim, which is DISMISSED WITHOUT PREJUDICE.[6]

### C.     Plaintiffs' State-Law Claim

Finally, ILES argues that Plaintiff's unfair competition claim is preempted by the Copyright Act. (Mem. at 10-11.) The Ninth Circuit uses a two-part test to determine whether a state-law claim is preempted by the Copyright Act. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006). The court "must first determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright . . . ." *Id*. at 1137. Second, the court "must determine whether the rights asserted under state law are equivalent to the rights" granted by the Copyright Act. *Id*. at 1138. To avoid preemption, a state-law claim must include an "extra element that

___

[6] In the conclusion of their opposition brief, Plaintiffs request an award of attorneys' fees and costs in the amount of $5,635.00 for opposing a motion "based upon the erroneous interpretations of procedural law governing motions to dismiss under [Rule] 12(b)(6) and the lack of merit which Plaintiffs contend is patently obvious." (Opp. at 21.) Plaintiffs provide no legal authority to support their request, and we find their arguments unavailing. Accordingly, we decline to award attorneys' fees and costs to Plaintiffs.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)                                  Date: May 25, 2016

Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Xerox Corp. v. Apple Comput., Inc.*, 734 F. Supp. 1542, 1550 (N.D. Cal. 1990) (quotation marks and citation omitted). Both prongs must be met for preemption to occur.

Here, the unfair competition claim incorporates by reference paragraphs from the copyright infringement claim, (Compl. ¶ 30), and the paragraphs of consequence allege that ILES' actions in manufacturing, marketing, publishing, and/or displaying the infringing works have caused irreparable injury, lost income, and dilution to the copyrighted works' goodwill. (*Id.* ¶¶ 31-35.) In their opposition brief, Plaintiffs argue that preemption is improper because the UCL claim "seeks protection from the Defendant's dilution of Plaintiff's built-up good will and . . . from Defendant's continued acts causing the Plaintiffs[] to lose control of their identity and business reputation." (Opp. at 16.) Plaintiffs posit "[t]here is no remedy in the Copyright Act which covers this type of activity." (*Id.*) However, this argument incorrectly frames the relevant issue. "The Copyright Act grants rights 'to reproduce the copyrighted work in copies,' 'to prepare derivative works based upon the copyrighted work,' 'to distribute copies . . . to the public,' and 'to display the copyrighted work publicly.'" *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998) (alteration in original) (quoting 17 U.S.C. § 106). Thus, by relying on allegations that ILES unfairly or unlawfully manufactured, marketed, published, and/or displayed counterfeit works, "it is clear that [Plaintiffs'] state law unfair competition claim is based solely on rights equivalent to those protected by the federal copyright laws." *Id*.

Moreover, the subject matter of the UCL claim clearly falls within the subject matter of copyright. The Copyright Act protects "original works of authorship fixed in any tangible medium of expression," *Laws,* 448 F.3d at 1139 (citing 17 U.S.C. § 102(a)), such as "pictorial works," *see Kodadek*, 152 F.3d at 1213. Thus, the works that Plaintiffs seek to protect are "clearly . . . work[s] that fall[] within the 'subject matter' of the Copyright Act." *Kodadek*, 152 F.3d at 1213.

Accordingly, we find that Plaintiffs' UCL claim is preempted by the Copyright Act. The Court therefore GRANTS the Motion as to this claim. However, we grant this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-226-JLS (JCGx)            Date: May 25, 2016

Title: Divine Dharma Meditation Int'l Inc. et al. v. Institute of Latent Energy Studies

dismissal without prejudice in the event Plaintiffs can allege a UCL claim that is "*qualitatively* different from a copyright infringement claim." *Xerox Corp.*, 734 F. Supp. at 1550.

### IV. CONCLUSION

     For the foregoing reasons, the Court GRANTS the Motion to Dismiss. Plaintiffs' copyright infringement claim and UCL claims are DISMISSED WITHOUT PREJUDICE. To the extent Plaintiffs seek to amend their Complaint in accordance with this Order, they must do so **within 21 days**.

                                                 Initials of Preparer: tg