**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIVINE DHARMA MEDITATION INTERNATIONAL INC.; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> INSTITUTE OF LATENT ENERGY STUDIES, <br><br> Defendant-Appellee. | No.    19-55264 <br><br> D.C. No. 8:16-cv-00226-DFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding

Argued and Submitted August 5, 2021
Pasadena, California

Before:  PAEZ, CALLAHAN, and HURWITZ, Circuit Judges.

Divine Dharma Meditation International ("Divine Dharma") sued the

Institute of Latent Energy Studies ("the Institute") for copyright infringement of a

painting of Dasira Narada, a historical figure who developed certain meditation

techniques.  Both non-profit organizations operate meditation centers that practice

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and teach Narada's techniques.

A jury found that the Institute made "fair use" of Divine Dharma's copyrighted work, an affirmative defense to copyright infringement. The district court denied Divine Dharma's post-trial motion under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law, concluding that the jury's fair use finding was "reasonably within the record." Divine Dharma appealed, arguing that the district court erred by not making an independent analysis of the legal aspects of the fair use determination. Divine Dharma argues that under the correct analysis, it is entitled to a judgment that the Institute's use of the painting was not fair use.

We defer to the jury's findings of underlying facts, but review de novo whether those facts establish fair use of a copyrighted work. *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1200 (2021). "Because the verdict form . . . did not ask the jury to articulate its fact findings in any detail, we must assume that they jury resolved all factual issues relating to the historical facts in favor of the verdict." *Oracle Am., Inc. v. Google LLC*, 886 F.3d 1179, 1195 (Fed. Cir. 2018), *overruled on other grounds by Google*, 141 S. Ct. 1183. "We must then review the subsidiary and controverted findings of historical fact for substantial evidence." *Id.*

In determining whether the Institute's use of the copyrighted work was "fair

use," we consider the four factors in 17 U.S.C. § 107. On balance, we conclude that the factors weigh in favor of a finding of fair use and affirm.

**1.** The first fair use factor is "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1). There is no evidence that the Institute's use was transformative. Minor alterations to the copyrighted work through the manipulation of color and various elements of the painting do not alter its "expression, meaning, or message," *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 597 (1994), and the Institute uses the work for the "same intrinsic purpose" as Divine Dharma, *Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1117 (9th Cir. 2000) (quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1324 (2d Cir. 1989)).

Substantial evidence, however, does support the jury's implied finding that the Institute's use of the copyrighted work was not commercial. There is no evidence that the Institute profited from the use of the copyrighted work by growing its membership or attracting donations. *Cf. Worldwide Church*, 227 F.3d at 1118.

The jury was not instructed that it could consider whether the defendant acted in bad faith as part of its fair use assessment. Apart from the lack of any instruction on bad faith, the Supreme Court has minimized the relevance of bad

faith as part of the first factor, *Google*, 141 S. Ct. at 1204, and we conclude it plays no significant role here

      We find the first factor on balance to be neutral, weighing neither for nor against a finding of fair use.

**2.**      The second fair use factor is the nature of the copyrighted work.  17 U.S.C. § 107(2).  Substantial evidence does not support an implied finding that the copyrighted work was informational, rather than creative.  *See Worldwide Church*, 227 F.3d at 1118; *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1153–54 (9th Cir. 1986).  The second factor weighs against fair use.

**3.**      The third fair use factor is the amount and substantiality of the portion of the copyrighted work used by the infringing work.  17 U.S.C. § 107(3).  Substantial evidence does not support the jury's implied finding that the infringing work used only "as much as necessary" for its intended use.  *See Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820–21 (9th Cir. 2003).  The infringing work shares an overwhelming number of identical characteristics as the copyrighted work.   The third factor weighs against a finding of fair use.

**4.**      The fourth fair use factor asks what effect the allegedly infringing use has on the "potential market for or value of the copyrighted work."  17 U.S.C. § 107(4).  We consider (1) the degree of market harm caused by the alleged infringer's actions, and (2) "whether unrestricted and widespread conduct of the sort engaged

4

in by the defendant would result in a substantially adverse impact on the potential market for the original." *Campbell*, 510 U.S. at 590 (cleaned up). Substantial evidence supports the jury's implied finding that the Institute's infringement had no significant effect upon the potential market or value of Divine Dharma's work. There was no evidence that Divine Dharma lost any licensing potential, members, or otherwise suffered any substantial adverse impact in the market for the original work because of the Institute's use. Divine Dharma stipulated that it had no evidence of monetary damages and testified that its membership grew by 60,000 to 70,000 in the five years preceding the trial. This factor weighs in favor of a finding of fair use.

5.     The fair use doctrine is an "equitable rule of reason," *Stewart v. Abend*, 495 U.S. 207, 236 (1990) (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 448 (1984)), and the non-exhaustive list of factors in § 107 are weighed together in light of the purposes of copyright. *Campbell*, 510 U.S. at 577–78. The first factor weighs neither for nor against finding fair use. The second factor, which "typically has not been terribly significant," *Dr. Seuss Enters. L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1402 (9th Cir. 1997), weighs against finding fair use. The third factor also weighs against finding fair use. The fourth factor, the "single most important element of fair use," *Harper & Row Publ'rs, Inc. v. Nation Enters.*, 471 U.S. 539, 566 (1985), weighs in favor of

finding fair use.  Together, the factors weigh in favor of a finding of fair use.

Thus, the district court did not err in denying Divine Dharma's Rule 50(b) motion.

**AFFIRMED.**